Mg 2019/0064

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, James Conwell, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging **VICENT MATA ANYELO, ALFER RODRIGUEZ BOADAS, ALEXIS FUENTES, FRANCISCO RODRIGUEZ INFANTE, JOHAN GARCIA SUAREZ, CARLOS RODRIGUEZ GARCIA, HENRY GONZALEZ NORIEGA, ALGLER RODRIGUEZ BOADAS, JHONNY RODRIGUEZ RODRIGUEZ, DANIEL JESUS SALAZAR GONZALEZ, and JOHAN JOSE PACHECO LEZAMA** with having committed the following violations of federal laws: violation of Title 46, United States Code, Sections 70502(c)(1)(C), 70503(a)(1), 70504(b)(2), & 70506 (a), that is: Possession of a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States; violation of Title 46, United States Code, Sections 70502(c)(1)(C), 70503(a)(1), 70503 (a)(2), 70504(b)(2), & 70506 (a) & (b); that is: Conspiracy to Possess a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States; and violation of Title 46, United States Code, Sections 70502(c)(1)(C), 70503(a)(2), 70504(b)(2), & 70506 (a) & (b), that is, Destruction and Attempt or Conspire to Destroy Property Subject to Forfeiture.

2. I am a Special Agent with the DEA and have been since July 2002 where I was assigned to the New York Field Division. I am currently assigned to the High Intensity Drug Trafficking Area ("HIDTA") Task Force in St. Croix, U.S. Virgin Islands. HIDTA is comprised

of special agents from the DEA and officers of the Virgin Islands Police Department ("VIPD"). My primary duties involve the investigation of narcotics trafficking and money laundering violations under Titles 21 and 18 of the United States Code.

3.      As a Special Agent, I have received formal training in the identification of various types of controlled substances by sight and odor; the way in which controlled substances are packaged, marketed and consumed; and the effects of various drugs on human physiology.

4.      Since being employed with the DEA, I have participated in and conducted numerous investigations of violations of various state and federal criminal laws, including unlawful possession with intent to distribute controlled substances, distribution of controlled substances, use of a communication facilities to commit narcotics offenses, importation of controlled substances, money laundering, and conspiracy to import, possess and distribute controlled substances. These investigations resulted in the arrests of multiple individuals who have imported, smuggled, received and distributed controlled substances, including cocaine, marijuana, and methamphetamine. Also, these investigations resulted in multiple seizures of illegal drugs and drug proceeds.

5.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6.      On September 25, 2019, at approximately 11:35 p.m. (Zulu), an aircraft from the United States Customs and Border Protection (CBP) detected a vessel approximately 38 nautical miles (NM) south of St. Croix, USVI navigating on a northerly course. Upon observing the vessel

and CBP notification of United States Coast Guard (USCG), Sector San Juan, Coast Guard Cutter (CGC) DONALD HORSLEY diverted to the scene and encountered FISHING VESSEL (F/V) LA GRAN TORMENTA. The F/V LA GRAN TORMENTA is described as a 55' white hulled profile fishing vessel, with a white superstructure and blue canopy, bearing registration ARSHPE-1468 and displaying Venezuelan nationality and a homeport of Isla de Margarita, Venezuela on the stern. Upon arrival at the scene, CGC HORSLEY attempted right of approach questioning. The F/V LA GRAN TORMENTA did not reply to DONALD HORSLEY'S efforts to engage in questioning of the crew. CGC DONALD HORSLEY then completed an Alpha Report and recommended boarding.

7. Upon detection, the F/V LA GRAN TORMENTA changed course to the south and jettisoned packages into the sea. CGC DONALD HORSLEY was subsequently able to retrieve 2 packages from the water before continuing pursuit.

8. CGC DONALD HORSLEY requested and received permission to invoke the Article 17 process in order to confirm registry and receive permission from the flag state to stop, board, and search. The recognized government of Venezuela authorized the USCG to stop, board, and search F/V LA GRAN TORMENTA under presumptive flag state authority. USCG personnel aboard the CGC HORSLEY and CGC MOHAWK next attempted to gain positive control of the vessel via a Right of Visit (ROV) boarding in order to gain compliance of a vessel reasonably suspected of drug smuggling pursuant to flag state authority. In doing so, CGC HORSLEY attempted a ROV boarding utilizing a LA-51 Warning Device, which was ineffective, because crew on the F/V LA GRAN TORMENTA disregarded ROV efforts by CGC HORSLEY and CGC MOHAWK personnel. The CGC MOHAWK then proceeded with "entanglement tactics", (a

method used by the military to slow/stop boat engines in a safe manner) which was effective and the F/V LA GRAN TORMENTA became DIW[1].

9. After gaining positive control of the F/V LA GRAN TORMENTA, the CGC DONALD HORSLEY boarding team boarded the vessel and commenced a counter drug boarding. The boarding team encountered 11 persons, later identified as the above-listed persons, whom all claimed Venezuelan nationality.

10. The 11 individuals found in the vessel were moved to the cutter for safety. USCG personnel conducted a 100% At Sea Space Accountability of the vessel and found approximately 500 kilograms of catch, and no further contraband. The master of the vessel claimed Venezuelan nationality for the vessel.

11. The two jettisoned bales contained packages with brick shaped objects, with an estimated weight of 40 kilograms, per bale. The USCG boarding team conducted two NIK Tests on the packages, which yielded presumptive positive results for the presence of cocaine.

12. On Friday October 4, 2019, the USGC DONALD HORSLEY arrived at the Frederiksted Pier, St. Croix, U.S. Virgin Islands (USVI) where the detainees were transferred to investigating agents from the St. Croix Resident Office assisted by U.S. Customs and Border Patrol (CBP), Homeland Security and Investigations (HSI) and United States Marshal Service (USMS). The contraband (brick shaped objects) were transferred to the DEA St. Croix Resident Office, where a field test was performed, which yielded positive results for the presence of cocaine. Furthermore, the total weight for the contraband was approximately 55 kilograms.

---

[1] "DIW"="Dead in Water", United States Coast Guard ("USCG") & USCG Auxiliary Acronym.

## CONCLUSION

13. Based upon my training, experience, and participation in this investigation, I submit that there is probable cause to believe that **VICENT MATA ANYELO, ALFER RODRIGUEZ BOADAS, ALEXIS FUENTES, FRANCISCO RODRIGUEZ INFANTE, JOHAN GARCIA SUAREZ, CARLOS RODRIGUEZ GARCIA, HENRY GONZALEZ NORIEGA, ALGLER RODRIGUEZ BOADAS, JHONNY RODRIGUEZ RODRIGUEZ, DANIEL JESUS SALAZAR GONZALEZ, and JOHAN JOSE PACHECO LEZAMA** have committed the following violations of federal laws: violation to Title 46, United States Code, Sections 70502(c)(1)(C), 70503(a)(1), 70503(a)(2), 70504(b)(2), & 70506 (a), that is: Possession of a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States; and violation to Title 46, United States Code, Sections 70502(c)(1)(C), 70503(a)(1), 70504(b)(2), & 70506 (a) & (b), that is: Conspiracy to Possess a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States; and violation to Title 46, United States Code, Sections 70502(c)(1)(C), 70503(a)(2), 70504(b)(2), & 70506 (a) & (b), that is, Destruction and Attempt or Conspire to Destroy Property Subject to Forfeiture.

Respectfully submitted,

_____
JAMES CONWELL
Special Agent, DEA

Subscribed and sworn to before me
on October 7, 2019:

_____
GEORGE W. CANNON
UNITED STATES MAGISTRATE JUDGE